UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINA MAPP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:11-cv-03801 |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY AND J.P. MORGAN CHASE | § | |
| AKA CHASE HOME FINANCE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS JPMORGAN CHASE BANK N.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT, AND BRIEF IN SUPPORT OF SAME**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, incorrectly sued herein as "J.P. Morgan Chase aka Chase Home Finance" ("JPMC") and Deutsche Bank National Trust Company ("Deutsche") (collectively, "Defendants"), file their Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement, and Brief in Support of Same, and would respectfully show the Court the following:

**I.
NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Regina Mapp ("Plaintiff") filed this civil action in state court on October 20, 2011. Ex. A-3. Defendants timely removed based on diversity. Ex. A-2. This case arises from a mortgage loan Plaintiff acquired that is secured by the property located at 18739 Yaupon Trail,

Humble, Texas 77346 in Harris County, Texas ("Property"). Ex. A-3. After Plaintiff's undisputed default on the loan, the Property was sold at foreclosure on December 7, 2010. *See* Ex. A-3, Count 2.

In Plaintiff's Original Petition, Application for Temporary Restraining Order and Request for Temporary Injunction ("Complaint"), Plaintiff alleges she hired a third party realtor[1] to help her "qualify" for a loan modification plan. Specifically, Plaintiff claims that it was her "understanding" that while she sought a modification, the "foreclosure would be put on hold." Ex. A-3, ¶¶ 9-10. Plaintiff admits that she was never approved for a loan modification plan. Ex. A-3, ¶¶ 8-10.

Plaintiff further alleges that Defendants committed fraud by obtaining title to Plaintiff's home, and that Defendants wrongfully foreclosed because of alleged false misrepresentations. Plaintiff also alleges that the foreclosure was wrongful because she allegedly did not receive notice of the sale. She also complains that the Defendants never provided an accounting of funds received prior to the foreclosure. *See* Ex. A-3, Counts 1-6. However, Plaintiff fails to identify any request that was made to Defendants to provide an accounting, either prior or post sale, and also fails to identify the allegedly "fraudulent" statements. Additionally, she does not allege that the foreclosure notices were not sent, just that "it is believed" that proper notices were not sent. Ex. A-3, p.3, Count 3.

Plaintiff seeks injunctive relief enjoining Defendants from evicting her from the Property. Ex. A-3, p.7, Count 6. Yet Plaintiff's Complaint asserts no viable cause of action or cognizable claim by which Plaintiff may be entitled to relief. Consequently, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The third party realtor is not identified.

Alternatively, Plaintiffs should be ordered to plead causes of action supported by specific facts that provide fair notice of their claims against Defendants.

## II.
## ISSUES TO BE RULED UPON BY THE COURT

Issue One: Plaintiff cannot plausibly recover for her alleged claims.

Standard: Pursuant to Rule 12(b)(6), Plaintiff has not pled sufficient factual allegations, accepted as true, to state a claim for relief which is plausible on its face.

Issue Two: If the Court elects not to dismiss Plaintiff's claims, Plaintiff should be required to replead with greater factual specificity to provide fair notice of her claims against Defendants.

Standard: Pursuant to Rule 12(e), the factual allegations contained in Plaintiff's Complaint are sufficiently vague or ambiguous such that Defendants cannot reasonably be expected to frame a responsive pleading.

## III.
## ARGUMENT AND AUTHORITIES FOR MOTION TO DISMISS

**A.    RULE 12(b)(6) STANDARD.**

The Court should dismiss Plaintiff's lawsuit pursuant to Rule 12(b)(6), because Plaintiff fails to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion, the "court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, --- U.S. ----, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted)).  While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 550 U.S. at 555.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged." *Id*. at 556.  The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009).  "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 557.

B.     **PLAINTIFF'S SUIT SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM FOR RELIEF.**

Plaintiff's Complaint is devoid of factual allegations supporting specific causes of action upon which relief may be granted.  The Complaint therefore does not satisfy the pleading requirements of Rules 8 or 12(b)(6), and should be dismissed in its entirety.

    *i.*      <u>*Plaintiff's "Fraud" and "Wrongful Foreclosure Due to Fraud" Claims should be Dismissed*</u>

The entire section of the Complaint regarding Defendants' alleged fraudulent conduct (Counts One and Two) states that:

> Defendant's conduct as cited above constitutes common law fraud used to obtain title to Plaintiff's home.  Accordingly, Plaintiff asks this Court through equity to restore title to Plaintiff.  In the alternative, Plaintiff asks the Court award judgment for actual and punitive damages sustained as a result of Defendant's conduct. . . the representations made by Defendant's employees to Plaintiff were

false, material and misrepresentations. Plaintiff did rely on those representations to her detriment. Plaintiff has been damaged by the false representations and seeks unliquidated damages within the jurisdictional limits of this court. Plaintiff seeks both actual and punitive damages for the intentionally fraudulent conduct of both. Additionally, Defendant would be unjustly enriched if they were to retain the property. *See* Ex. A-3, p.5, Counts 1 and 2.

Plaintiff then goes on to request a constructive trust on the property due to having "no adequate remedy at law." *Id*. at p.5-6. However, Plaintiff fails to meet any of the specific pleading requirements for fraud.

In Texas, the elements of a common-law cause of action for fraud include: (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false or made the misrepresentation recklessly, without knowledge of the truth; (4) the defendant intended for the plaintiff to act on the misrepresentation; (5) the plaintiff acted on the misrepresentation; and (6) the plaintiff incurred damages thereby. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Pursuant to Rule FED. R. CIV. P. 9 (b) of the Federal Rules of Civil Procedure, a claim for common-law fraud must satisfy a heightened pleading standard, which Plaintiff utterly fails to meet. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). To sufficiently plead a claim of fraud in the Fifth Circuit, Plaintiff must specify the time, place, and content of the misrepresentation, as well as the identity of the speaker and what benefit the speaker gained from the misrepresentation. *Id.* at 177-78. Plaintiff must also point to specific statements that are fraudulent. *Id.* at 179.

Plaintiff does not, and cannot, identify a single misrepresentation made to her by Defendants. Instead, Plaintiff asserts that Defendants made representations that were false in connection with a loan modification and forbearance agreement. Plaintiff states that she "fell behind on making her mortgage payments," and "contacted Defendant Chase about entering into

a modification plan," but then submitted paperwork "to no avail." Ex. A-3, p.3, ¶¶ 7-8. The only representation mentioned is that JPMC "represented that it had the right to service her mortgage on the subject property," which is a true statement. *Id*. at ¶ 8. Then when Plaintiff "couldn't get any help" from JPMC, she "hired a third party realtor to help her qualify for a modification plan." *Id*. at ¶ 9. Without any further elaboration, the *very next paragraph* states that "[i]n reliance on Defendant's representation, it was Plaintiff's understanding that while in this process the foreclosure would be put on hold until the Defendant Chase contacted them back about the plan." *Id*. at ¶ 10. Yet, Plaintiff has not identified any "representation" that could be relied on—the only representation mentioned was that JPMC was the servicer of the loan, a true statement. Further, it is unclear what "process" the Plaintiff was involved in, since Plaintiff states in paragraph 8 that she was not approved for a loan modification. *See id*. at ¶ 8. Plaintiff goes on to say that had she "known" that "Defendant's representations were false and misleading, she would have taken steps to. . . file Chapter 13 bankruptcy. . ." *Id*. at ¶ 12. However, no representations are identified absent a true statement that JPMC is the loan servicer. Because Plaintiff does not identify what those representations are or how they are false, her fraud claim is without a shred of supporting factual allegations.

Plaintiff's fraud claim must fail because Plaintiff has not identified a single misrepresentation made by Defendants, nor has Plaintiff pled the time or content of an alleged misrepresentation, the identity of the speaker, the benefit the speaker gained from the misrepresentation, or how Plaintiff acted on any alleged misrepresentation. Plaintiff's allegation of fraud is devoid of factual enhancement and does not even approach the pleading requirements of Rule 9 (b). Plaintiff does not allege a plausible fraud claim. The Complaint lacks factual

allegations supporting an actionable claim for fraud, and such claim should therefore be dismissed.

### ii. *Plaintiff's Promissory Estoppel Claim should be Dismissed*

Plaintiff claims that Defendants orally agreed not to foreclose while she sought a loan modification. The Complaint, however, states that "Plaintiff repeatedly submitted paperwork to Defendant to enter into the modification plan to no avail… When Plaintiff couldn't get any help from Defendant Chase, she therefore hired a third party realtor to help her qualify for the modification plan…" Ex. A-3, p.3, ¶¶ 8-9. It is undisputed that Plaintiff did not enter into a forbearance plan or a modification plan.

The elements of an action for promissory estoppel in Texas are (1) the defendant made a promise to the plaintiff; (2) the plaintiff *reasonably and substantially relied* on the promise to its detriment; (3) the plaintiff's reliance was *foreseeable by the defendant*; and for some courts, (4) injustice can be avoided only by enforcing defendant's promise. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002) (emphasis added); *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983); *Stanley v. Citi-Financial Mortg. Co.*, 121 S.W.3d 811, 820 (Tex. App.—Beaumont 2003, pet. denied). To prove an action for promissory estoppel, a plaintiff must establish the defendant *made a promise* to the plaintiff. *Fischer*, 660 S.W.2d at 524 (emphasis added). A plaintiff must establish that reliance on the promise was reasonable, substantial and detrimental. *Frost Crushed Stone Co. v. Odell Geer Constr. Co.*, 110 S,W,3d 41, 45 (Tex. App.—Waco 2002, no. pet.); *English*, 660 S.W.2d at 524. In addition, a plaintiff must establish that her reliance on the defendant's promise was foreseeable. *Ford v. City State Bank*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.). This means the plaintiff must prove that the defendant could have reasonably expected the plaintiff to act or refrain from acting based on the promise. *See, e.g. id*.

Here, Plaintiff has not alleged a single element necessary for a promissory estoppel claim. Plaintiff has not shown that Defendants made any promise to her, that she reasonably relied on any alleged promise, or that reliance on a nebulous promise was foreseeable to Defendants. Plaintiff is simply attempting, nearly a year after the foreclosure, to continue to live in the Property without making mortgage payments. Plaintiff cannot maintain a claim for promissory estoppel and this claim must be dismissed.

### iii.   *Plaintiff's Accounting claim is unsupported and should be dismissed*

Plaintiff claims that Defendants have never "provided an accounting of funds" received prior to foreclosure and funds received at the foreclosure sale and asks for an Order compelling a full accounting. Ex. A-3, p.7. Plaintiff fails to state a viable cause of action or offer any authority to support this request. Accordingly, this unsupported request should be dismissed.

### iv.   *Plaintiff's Wrongful Foreclosure Due to Failure to Properly Notice claim is inadequate under Texas law and should be dismissed*

Plaintiff's claim of wrongful foreclosure should be dismissed because Plaintiff is not entitled to relief upon this claim as a matter of law. The elements of a wrongful foreclosure claim under Texas law are: (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). A wrongful foreclosure action requires evidence of an irregularity that "must have caused or contributed to cause the property to be sold for a grossly inadequate price." *In Re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001) (internal quotations omitted). The party attacking the foreclosure sale must plead and prove any irregularities that rendered the sale invalid. *Id*.

Plaintiff fails to allege any facts supporting the requisite elements for wrongful foreclosure. Plaintiff appears to rely on the misguided assertion that Defendants were "believed" to have "failed to follow the Texas requirements for acceleration of note and for notice of foreclosure sale." Ex. A-3, p.6, Count 3. Without showing any of the requisite facts for wrongful foreclosure, Plaintiff has not stated a plausible claim for wrongful foreclosure, and this claim should be dismissed.

      v.    **_Plaintiff is not entitled to injunctive relief under Texas law and this claim should be dismissed._**

As Plaintiff's claims for relief must be dismissed, so must Plaintiff's request for injunctive relief. Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Plaintiffs have not, and cannot, state a claim for which they are entitled to relief against Defendant. Because Plaintiffs cannot prevail on any other claim against Defendant, Plaintiff's request for injunctive relief must be dismissed.

## IV.
## ARGUMENT AND AUTHORITIES FOR MOTION FOR MORE DEFINITE STATEMENT

If the Court does not dismiss Plaintiff's Complaint, Plaintiff should be ordered to replead. When a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before submitting a responsive pleading. *See* FED. R. CIV. P. 12(e). As demonstrated by this Motion, Defendants are forced to guess at the facts giving rise to any causes of action. Defendants are entitled to know the factual support Plaintiff can assert for each claim brought against it. Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim, or alternatively, Plaintiff should be required to replead and provide Defendants with

sufficient notice of the concrete causes of action asserted against it and the facts supporting each claim.

WHEREFORE, Defendants JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, and Deutsche Bank National Trust Company pray that the Court grant this Motion to Dismiss for Failure to State a Claim because Plaintiff's Complaint does not state any cause of action upon which relief may be granted. In the alternative, Defendants seek a more definite statement of Plaintiff's claims before submitting a responsive pleading.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Attorney-in-Charge
State Bar No. 12314560
SD Bar No. 28635
GEMMA R. GALEOTO
State Bar No. 24061047
SD Bar No. 1140056
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ggaleoto@qslwm.com

**ATTORNEYS FOR DEFENDANTS JPMORGAN CHASE BANK, N.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been furnished to counsel for Plaintiffs, via the Court's ECF System, in accordance with the Federal Rules of Civil Procedure, this **7**<sup>th</sup> day of **November**, **2011**.

    Frank A. Rush
    7322 Southwest Freeway, No 645
    Houston, Texas 77074

                                          */s/ Wm. Lance Lewis*
                                          Wm. Lance Lewis